ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (VI)

| | | |
|---|---|---|
| NEWREZ LLC D/BA SHELLPOINT MORTGAGE SERVICING<br><br>RECURRIDOS<br><br>V.<br><br>LA SUCESIÓN DE AIDA ESTHER ARUZ CANCEL, TAMBIÉN CONOCIDA COMO AIDA ESTHER AR[Ú]S CANCEL Y POR AIDA ESTHER CRUZ CANCEL, ILSA YOLANDA FIGUEROA AR[Ú]S, COMO MIEMBRO DE LA SUCESIÓN DE AIDA ESTHER ARUZ CANCEL, T/C/C AIDA ESTHER AR[Ú]S CANCEL Y POR AIDA ESTHER CRUZ CANCEL, ILIA ESTHER FIGUEROA AR[Ú]S, COMO MIEMBRO DE LA SUCESIÓN DE AIDA ESTHER ARUZ CANCEL, T/C/C AIDA ESTHER AR[Ú]S CANCEL Y POR AIDA ESTHER CRUZ CANCEL Y OTROS<br><br>PETICIONARIOS | TA2025CE00148 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm. SJ2023CV08868<br><br>Sobre: Cobro de dinero-Ejecución de hipoteca: Propiedad residencial |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Boria Vizcarrondo y el Juez Monge Gómez[1]

---

[1] Conforme a la OATA-2025-140 para designar al Hon. José J. Monge Gómez en atención a la urgencia de disponer y en sustitución de la Hon. Waleska I. Aldebol Mora quien se encuentra fuera del Tribunal por causas justificadas.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 17 de julio de 2025.

Comparece la Sucesión de Aida Esther Aruz Cancel, t/c/c Aida Esther Arús Cancel, compuesta por Ilsa Yolanda Figueroa Arús, Ilia Esther Figueroa Arús y Ángel Luis Figueroa Arús, sin someterse a la jurisdicción del tribunal (Sucesión demandada; parte peticionaria), mediante una *Petición de Certiorari*, presentada el 14 de julio de 2025. La parte peticionaria nos solicita la revocación de la resolución interlocutoria emitida por el Tribunal de Primera Instancia, Sala de San Juan (TPI) el 14 de julio de 2025, notificada en la misma fecha, en la cual el TPI declaró No Ha Lugar una moción de desestimación, presentada por la parte peticionaria; en la misma fecha de presentación de la *Petición de Certiorari*, el 14 de julio de 2025, la peticionaria presentó una *Moción Urgente en Auxilio de Jurisdicción*.

Adelantamos que se declara no ha lugar la *Moción Urgente en Auxilio de Jurisdicción* y se deniega la expedición del auto de *certiorari*.

**I**

El 19 de septiembre de 2023, se presentó una demanda de cobro de dinero y ejecución de hipoteca por la vía ordinaria ante el TPI por NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING (NEWREZ; parte recurrida) en el caso civil número

SJ2023CV08868.[2] El 20 de septiembre de 2023, NEWREZ presentó el escrito titulado *Solicitud de Expedición de Emplazamientos* a la parte peticionaria, y en esa misma fecha la Secretaria del TPI expidió los emplazamientos personales contra las personas que componen la Sucesión demandada.[3] En seguimiento a las gestiones de emplazamiento a la parte peticionaria, NEWREZ presentó el 17 de noviembre de 2024 un escrito titulado *Moción solicitando emplazamiento por edicto e interpelación,* en el cual solicitó la expedición de los emplazamientos de la parte peticionaria por edicto e interpelación, e incluyó una declaración jurada en apoyo a su solicitud.[4] El TPI emitió una Orden, el 17 de noviembre de 2023, en la cual declaró ha lugar el diligenciamiento de los emplazamientos a los miembros de la Sucesión demandada.[5]

Luego de otros trámites, el 29 de febrero de 2024, la Sucesión demandada presentó una *Moción de desestimación* sin someterse a la jurisdicción del Tribunal, [6] y NEWREZ presentó el 15 de abril de 2024 una *Oposición a la Moción de desestimación.*[7] La parte peticionaria presentó, el 7 de junio de 2024, sin someterse a la jurisdicción del Tribunal, una *Réplica a la Oposición a la Moción de*

---

[2] Se hace referencia al expediente electrónico disponible en el Sistema Unificado de Manejo de Casos (SUMAC) con el alfanumérico SJ2023CV08868. SUMAC, Entrada 1.
[3] SUMAC, Entradas 2 y 3.
[4] SUMAC, Entrada 6.
[5] SUMAC, Entrada 7.
[6] SUMAC, Entrada 19.
[7] SUMAC, Entrada 25.

*desestimación.*[8] Finalmente, NEWREZ presentó, el 17 de julio de 2024, una *Dúplica a la Réplica a la Oposición a la Moción de desestimación*[9] y, una Moción para que se disponga de las mociones pendientes.[10]

El 13 de mayo de 2025, el TPI emitió una orden notificada el 14 de mayo de 2025, en la cual le impuso a NEWREZ el pago de una fianza de no residente de $1,000.[11] La parte recurrida presentó una *Moción en cumplimiento de orden* en la cual informó su pago de la fianza impuesta y solicitó la continuación de los procedimientos,[12] y, el TPI emitió Orden el 16 de junio de 2025 en la cual dio por cumplida su orden sobre el pago de fianza de no residente de $1,000 por NEWREZ.[13] El TPI emitió y notificó el 17 de junio de 2025, una Resolución Interlocutoria, en la cual dispuso lo siguiente:

> Evaluados los escritos presentados se declara No Ha Lugar, la solicitud de desestimación. Se adoptan por referencia los argumentos esbozados por la parte demandante en sus escritos.
>
> Por lo que se ordena la continuación de los procedimientos. Se conceden 15 días a la parte demandada para contestar la demanda.[14]

---

[8] SUMAC, Entrada 31.
[9] SUMAC, Entrada 39.
[10] SUMAC, Entrada 41.
[11] SUMAC, Entrada 43.
[12] SUMAC, Entrada 46.
[13] SUMAC, Entrada 49.
[14] SUMAC, Entrada 50.

Inconforme, la parte peticionaria presentó la *Petición de Certiorari* ante nuestra consideración, en la cual expone los siguientes señalamientos de errores:

A. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN DE DESESTIMACIÓN PRESENTADA POR LA PARTE PETICIONARIA, SIN SOMETERSE A LA JURISDICCIÓN DEL TRIBUNAL, CUANDO LO QUE PROCEDÍA EN DERECHO ERA DESESTIMAR CON PERJUICIO LA DEMANDA POR HABER TRANCURRIDO EL TÉRMINO IMPRORROGABLE FIJADO POR LA REGLA 4.3 (C) DE PROCEDIMIENTO CIVIL PARA DILIGENCIAR LOS EMPLAZAMIENTOS.

B. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN DE DESESTIMACIÓN PRESENTADA POR LA PARTE PETICIONARIA, SIN SOMETERSE A LA JURISDICCIÓN DEL TRIBUNAL, CUANDO LO QUE PROCEDÍA EN DERECHO ERA DESESTIMAR CON PERJUICIO LA DEMANDA PORQUE EL TRIBUNAL TAMPOCO ADQUIRIÓ JURISDICCIÓN *IN PERSONAM SOBRE* LA TOTALIDAD DE LOS MIEMBROS DE LA SUCESIÓN, POR LO CUAL A TENOR CON LA REGLA 16.1 DE PROCEDIMIENTO CIVIL PROCEDE DESESTIMAR LA DEMANDA POR FALTA DE PARTE INDISPENSABLE.

Resolvemos sin trámite ulterior bajo lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5).[15]

---

[15] Esta regla nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho".

**II**

El auto de *certiorari* es un vehículo procesal extraordinario que le brinda autoridad a un tribunal de mayor jerarquía para revisar las determinaciones de un tribunal inferior. *Rivera et al v. Arcos Dorados et al*, 212 DPR194 (2023) que cita a: *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021); *IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012). La Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R.52.1 (Regla 52.1), dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. [...]

Esta regla y la jurisprudencia interpretativa, nos lleva a realizar un análisis dual para determinar si se expide o no un auto de *certiorari*. Este examen consta de una parte objetiva y otra parte subjetiva. Por ello, en primer lugar, tenemos que analizar si la

materia contenida en el recurso de *certiorari* tiene cabida dentro de una de las materias específicas establecidas en la Regla 52.1, toda vez que esta enumera taxativamente bajo que materias, solamente, se podrá expedir el auto de *certiorari*. En esos casos, en los cuales la materia no está comprendida dentro de la regla, el tribunal revisor debe negarse a expedir el auto de *certiorari* automáticamente.

Superada esta etapa, corresponde analizar si bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (Regla 40), debemos o no expedir el auto de *certiorari*. A esos fines, la Regla 40 establece los criterios que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari*, como sigue:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Finalmente, es norma reiterada que al denegar la expedición de un auto de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. A su vez, los foros apelativos no debemos intervenir con las decisiones de los tribunales de instancia, "salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que [la] intervención en esa etapa evitará un perjuicio sustancial." *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

Es decir, estamos obligados a evaluar "tanto la *corrección de la decisión recurrida* [,] *así como la etapa del procedimiento en que es presentada*; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio." *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008), que cita a *Negrón v. Srio. de Justicia*, 154 DPR 79, 97 (2001). Asimismo, se ha resuelto que "los tribunales apelativos no debemos intervenir con el ejercicio de la discreción de los foros de instancia, salvo que se demuestre que hubo un craso

abuso de discreción, prejuicio, error manifiesto o parcialidad." *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), que cita a *Lluch v. España Service Sta.*, *supra*.

**III**

La parte peticionaria nos señala que el TPI se equivocó al declarar no ha lugar la moción de desestimación presentada por la parte peticionaria, sin someterse a la jurisdicción del tribunal, cuando lo que procedía en derecho era desestimar con perjuicio la demanda por haber transcurrido el término improrrogable fijado por la Regla 4.3 (c) de Procedimiento Civil para diligenciar los emplazamientos, y porque el Tribunal tampoco adquirió jurisdicción *in personam* sobre la totalidad de los miembros de la sucesión, por lo cual a tenor con la Regla 16.1 de Procedimiento Civil procede desestimar la demanda por falta de parte indispensable.

Luego de examinar el recurso ante nuestra consideración, no vemos presente alguno de los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. Es decir, no nos enfrentamos ante supuesto donde el foro primario hubiese actuado con prejuicio, parcialidad o con error craso y manifiesto. De igual forma, somos del criterio que no se justifica nuestra intervención en esta etapa del procedimiento, por tal razón procedemos a denegar la

expedición del recurso de c*ertiorari* para que continúen los procedimientos del manejo del caso en el TPI.

**IV**

Por los fundamentos que anteceden, en el ejercicio de nuestra discreción, se declara No Ha Lugar la *Moción Urgente en Auxilio de Jurisdicción* y denegamos la expedición del auto de *certiorari*.

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones